IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 27, 2000

## DAVID J. WILLIAMS v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 98-1317-II       Carol L. McCoy, Chancellor**

---

**No. M1999-01661-COA-R3-CV - Filed March 14, 2003**

---

This appeal involves a dispute between a prisoner and the Department of Correction regarding the expiration date of his Class X life sentence for aggravated rape. After unsuccessfully petitioning the Department for a declaratory order, the prisoner filed a petition for declaratory judgment in the Chancery Court for Davidson County asserting that the Department's Disciplinary Punishment Guidelines require the Department to treat his life sentence as one that fully expires in thirty years. The trial court granted the Department's Tenn. R. Civ. P. 12.02(6) motion, and the prisoner has appealed. We have determined that the trial court properly determined that the prisoner had failed to state a claim upon which relief can be granted. Accordingly, we affirm the judgment dismissing the prisoner's complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

David J. Williams, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Abigail Turner, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### OPINION

### I.

In July 1981, the Criminal Court for Washington County sentenced David J. Williams to life imprisonment for the Class X felony of aggravated rape. The sentencing court directed that this sentence should run consecutively to a 20-year sentence for rape Mr. Williams had earlier received in Carter County. Mr. Williams is currently incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee.

During his over twenty years in prison, Mr. Williams has filed at least four other lawsuits regarding his sentences – particularly his life sentence.[1]  In scouring the statutes and the Department's policies for ammunition, Mr. Williams discovered a provision in the Department's Disciplinary Punishment Guidelines stating that for the purpose of delaying the release eligibility date of a prisoner found guilty of committing a disciplinary offense, the prisoner's "maximum sentence shall be considered a 30 year sentence." Tenn. Dep't Corr. Policy Index No. 502.02(VI)(D) (1997).[2]  Mr. Williams decided that if the Department was going to treat his life sentence as a 30-year sentence for the purpose of imposing punishment for disciplinary infractions, it should be required to treat his sentence as a 30-year sentence for all purposes.

In January 1998, Mr. Williams filed a petition for declaratory order pursuant to Tenn. Code Ann. § 4-5-224 (1998) that Policy No. 502.02(VI)(D) effectively transmuted his life sentence into a 30-year sentence.  When the Department declined to render a declaratory order, Mr. Williams filed a petition for declaratory judgment in the Chancery Court for Davidson County asserting that the Department was abusing his rights by refusing to treat his Class X life sentence for all purposes as one that would expire in thirty years.  The Department replied with a "motion to dismiss or for summary judgment" supported by an affidavit of the manager of the Department's Sentence Information Services.  Treating the Department's motion as a Tenn. R. Civ. P. 12.02(6) motion, the trial court dismissed Mr. Williams's petition after determining that it failed to state a claim under the Equal Protection Clauses of U.S. Const. amend XIV and Tenn. Const. arts. I, § 8 and XI, § 8 for which relief can be granted.  Mr. Williams has perfected this appeal.

## II.

Mr. Williams's claim suffers from two fatal flaws.  First, no recognized legal or constitutional principle requires the Department to treat his life sentence as a 30-year sentence for all purposes simply because its Disciplinary Punishment Guidelines might do so for the purpose of extending his confinement for possible future violations of the Department's Uniform Disciplinary Policies.  Second, the Department no longer treats life sentences as 30-year sentences, even in the context of prison disciplinary proceedings.  The Department's current Disciplinary Punishment Guidelines provide  that for the purpose of punishments that extend a prisoner's release eligibility date, "a life sentence shall be considered ninety-nine (99) years." Tenn. Dep't Corr. Policy Index No. 502.02(VI)(G) (2000).  The amended policy further undermines Mr. Williams's already moribund claim.  Because Mr. Williams is currently not entitled to have his sentence treated as a 30-

---

[1]While in prison, Mr. Williams has filed at least four other unsuccessful lawsuits. *Williams v. Tennessee Dep't of Corr.*, No. 01A01-9801-CH-00010, 1999 WL 22359 (Tenn. Ct. App. Jan. 21, 1999) *prem. app. denied* (Tenn. May 10, 1999) (contending that he was entitled to be released or resentenced); *Williams v. Bowlen*, No. 03C01-9203-CR-00094, 1992 WL 204471 (Tenn. Crim. App. Aug. 25, 1992) *perm. app. dismissed* (Tenn. Dec. 28, 1992) (requesting habeas corpus); *Williams v. State*, C.C.A. No. 99, 1991 WL 107494 (Tenn. Crim. App. Jun. 21, 1991) *perm. app. denied* (Tenn. Nov. 12, 1991) (seeking post-conviction relief on the Carter County sentence); *Williams v. State*, C.C.A. No. 229, 1988 WL 16539 (Tenn. Crim. App. Feb. 29, 1988) *perm. app. denied* (Tenn. May 31, 1988) (seeking post-conviction relief on the Washington County sentence).

[2]The entire policy read "For inmates serving life on a determinate or indeterminate sentence, the maximum sentence shall be considered a 30 year sentence."

year sentence, he is not entitled to the judicial relief he sought in his petition for declaratory judgment.

## III.

We affirm the judgment and remand the case for whatever further proceedings may be required. We tax the costs of this appeal to David J. Williams for which execution, if necessary, may issue. We also find that Mr. Williams's petition for declaratory judgment and subsequent appeal are frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp.2002) and Tenn. Code Ann. § 41-21-816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE